## Schulz's Case.

Argued January 7, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John P. Boland,* for appellant.

*Herman Muller,* for appellee, was not heard.

PER CURIAM, March 25, 1935:

The jurisdiction of the Court of Common Pleas No. 4 of Philadelphia County is the main question for determination in this appeal. The lower court dismissed the petition challenging its jurisdiction and refused to set aside the proceedings. Respondent appealed.

The record reveals that a son of respondent presented his petition under the Act of May 28, 1907, P. L. 292, to have respondent adjudged weak minded and unable to care for her property. Notice of the application was served on respondent at the home of her daughter in Audubon, New Jersey, and also, in the manner required by law, upon all other persons in interest. Respondent, through her attorney, entered an appearance de bene esse, and asked that the petition be dismissed for want of jurisdiction, alleging she was a resident of and domiciled in the State of New Jersey. Under an agreement of counsel, a hearing was had on the question of jurisdiction, as well as of the mental capacity of respondent. The court (President Judge FINLETTER and Judge HEILIGMAN sitting) heard the case fully, including the testimony of respondent, together with that of all other witnesses produced by the parties, and found respondent's residence is and has been for many years in the City of Philadelphia; that she is now merely temporarily absent from that city at the home of her daughter in New Jersey; and that, owing

to weakness of mind, she is unable to take care of her property and estate. In accordance with these findings, the court appointed the Northern Trust Company guardian of her estate. We have carefully examined all testimony adduced at the hearing in the lower court and fully agree with the conclusion reached by the hearing judges that respondent, by reason of her impaired mental condition, lacks capacity either to change her domicile from the City of Philadelphia to Audubon, New Jersey, or to take care of her estate. Without referring in detail to the evidence of the several witnesses, the following excerpt from the court's opinion we think is sufficient to sustain its action:

"The respondent had lived at 702 Wood Street, Philadelphia, Pa., for a period of about fifteen years immediately previous to her removal to Audubon, New Jersey, on May 29, 1934. She could not locate that residence with respect to other streets comparatively near by and only located the exact address in language indicating that she had been recently informed of the fact. She stated that she had lived at the Wood Street address only a couple of years. She testified that her husband had been dead about two years, when in fact he had died only a few months previous. She thought she had about $2,000 on deposit with the Philadelphia Saving Fund Society when in fact she had well in excess of $17,000. She could not remember the location or name of the cemetery in which she had erected a burial vault at a cost of $5,000. She was clearly of the opinion that the residence of Margaret Casebeer, her daughter, was in Philadelphia and only corrected this statement upon being surreptitiously prompted by Mrs. Casebeer."

Judgment affirmed.